UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| **JESSIE MCKINNEY,** | **CIVIL ACTION NO. 6:13-CV-213-KKC** |
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,** | |
| Defendant. | |

The plaintiff Jessie McKinney brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for Supplemental Security Income. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

This is the second time this McKinney's claim has come before a federal district court. An Administrative Law Judge ("ALJ") initially denied McKinney's claim on July 28, 2010 (Administrative Record ("AR") at 10). McKinney appealed that decision to the United States District Court and, by an opinion dated July 5, 2012, Judge Amul Thapar remanded the case to the Commissioner finding that the ALJ had failed to address medical evidence that McKinney has trouble performing work at a normal pace. (AR at 413.). The ALJ held a second hearing and issued a second decision denying benefits on April 15, 2013. (AR at 374.) McKinney now asks this Court to review that decision.

This Court's review of the Commissioner's decision is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying McKinney's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that the claimant has not engaged in substantial gainful activity since May 7, 2009, the application date. (AR at 379.)

At step two, the ALJ determined that McKinney suffers from the following severe impairments: cervical spine degenerative disc disease, lumbar spine degenerative disc disease, borderline intellectual functioning, depressive disorder, somatoform disorder, substance addiction in remission, and functional illiteracy. (AR at 379.)

At step three, the ALJ found the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 381.)

The ALJ determined that McKinney has the residual functional capacity (RFC) to perform medium work as defined in 20 CFR 416.967(c) except for:

> a limited but satisfactory ability for simple instructions presented orally; maintaining personal appearances; demonstrating reliability; maintaining attention and concentration; interacting with supervisors; relating to coworkers; and following work rules. The claimant would also have a seriously limited ability in dealing with the public; using judgment; dealing with work stress; functioning independently; behaving in an emotionally stable manner; and relating predictably in social situations. Additionally, the claimant should not be subject to high production rate or quota demands and is limited to settings accommodating second or third grade literacy level. He has no useful ability carrying out detailed or complex instructions.

(AR at 383.)

At step four, the ALJ found that McKinney does not have any past relevant work. (AR at 385.)

At step five, the ALJ determined that, given the described RFC, there are jobs that exist in significant numbers in the national economy that McKinney could perform and, thus, he is not disabled. (AR at 385-86.)

## ANALYSIS

McKinney argues that the ALJ erred in finding that his subjective complaints were not fully credible.

McKinney testified that he has constant low back pain. He testified that he cannot walk the length of a football field and can sit for only about ten minutes and stand for about 30 minutes. He testified that he lies down for 60 or 90 minutes about eight to nine times a day because of back pain. McKinney testified that he has not worked for the past 10 years because of back pain. He testified that the pain causes him to experience depression.

In assessing an individual's credibility, "the ALJ must [first] determine whether a claimant has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged." *Calvin v. Comm'r of Soc. Sec.*, 437 Fed.Appx. 370, 371 (6th Cir.2011). Here, the ALJ concluded that McKinney's physical or mental impairments could reasonably be expected to cause the symptoms he described.

Next, the ALJ must evaluate the intensity, persistence, and functional limitations of the symptoms by considering objective medical evidence, as well as: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken

3

to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions. 20 C.F.R. § 404.1529(c)(1)-(3).

The ALJ determined that the objective medical evidence did not support McKinney's testimony regarding the severity of the symptoms. Credibility determinations regarding the applicant's subjective complaints rest with the ALJ and are afforded great weight and deference as long as they are supported by substantial evidence. *See Torres v. Comm'r of Soc. Sec.*, 490 Fed.Appx. 748, 755 (6th Cir.2012).

McKinney argues that he could not afford treatment and the ALJ's opinion was based on the lack of treatment history in the record. However, the ALJ's opinion was supported by substantial medical evidence in the record. In evaluating McKinney's testimony, the ALJ considered the objective medical evidence including McKinney's lumbar and cervical spine x-rays, both of which showed only mild abnormalities. The ALJ also considered a 2009 physical consultative examination and a December 2012 emergency room examination, which found only mild problems and resulted in conservative treatment. The ALJ also considered the opinion evidence including that of the state agency reviewer who opined that McKinney should be limited to medium exertional work.

McKinney also makes a general objection that the ALJ's decision is not supported by substantial evidence. Such an objection is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Wyatt v. Barnhart*, 190 F. App'x 730, 732 (10th Cir.2006) (citation omitted). Accordingly, the Court need not address this general objection. Nevertheless, the Court finds that the evidence cited by the ALJ in support of his decision, including the evidence discussed above, is substantial.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 14) is **DENIED**;

2. The defendant's motion for summary judgment (DE 15) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated January 30, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY